IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BERRY SHERWOOD TINSLEY,

                Petitioner

      VS.

STEVEN ROBERTS, WARDEN,

                Respondent

NO. 5:10-CV-32 (CAR)

PROCEEDING UNDER 28 U.S.C. §2254
BEFORE THE U.S. MAGISTRATE JUDGE

## RECOMMENDATION

Before the court is respondent Steven Roberts' motion seeking dismissal of the above-captioned petition. Tab #7. Therein, respondent Roberts contends that the instant petition is subject to dismissal as untimely filed pursuant to provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244(d). Petitioner Berry Sherwood Tinsley has filed a response to the motion. Tab #10. The motion is ripe for review.

### FACTUAL AND PROCEDURAL HISTORY

On November 11, 2003, petitioner Tinsley was indicted by the Monroe County, Georgia Grand Jury for the offenses of Armed Robbery, Theft by Taking, and two (2) counts of Simple Battery. On June 21, 2004, he entered a negotiated guilty plea and was sentenced to twenty (20) years for the offense of Armed Robbery; twelve (12) months, concurrent, for the offense of Theft by Taking; and, twelve (12) months, concurrent, for each count of Simple Battery.

On July 1, 2008, the petitioner filed a **state** habeas corpus petition. In an order filed on January 30, 2009, the **state** habeas corpus court dismissed the petition. On June 2, 2009, petitioner Tinsley's filed an application for a certificate of probable cause to appeal which was denied by the Georgia Supreme Court. Thereafter, on January 14, 2010, the petitioner executed the instant **federal** petition. In response to this petition, the respondent filed the instant motion seeking dismissal.

## LEGAL STANDARDS

In pertinent part, 28 U.S.C. §2244(d) provides as follows:

*(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of–*

> *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*

> *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;*

> *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

> *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*

*(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

## DISCUSSION

As was noted above, respondent Roberts contends that the instant petition is untimely and, as such, should be dismissed. By way of response, and notwithstanding his concession that the instant **federal** petition is untimely and that equitable tolling would not be appropriate, petitioner Tinsley argues that the respondent's motion should be denied and the instant petition considered on its merits. The petitioner is mistaken.[1]

---

[1] In support of his argument, petitioner Tinsley notes that his state habeas corpus action was dismissed upon an erroneous finding that he had waived his right to any such review. According to the petitioner, no such waiver ever occurred. As such, he concludes that the state's refusal to allow him to pursue such an appeal has resulted in a miscarriage of justice. While detailed analysis of this conclusory and largely unsupported argument appears unnecessary, the undersigned notes that a review of the record, including transcripts of the petitioner's guilty plea and state habeas corpus evidentiary hearings, clearly demonstrates that the petitioner did knowingly, intelligently, and voluntarily waive his rights to, *inter alia*, appeal or habeas corpus review.

Upon a careful review of the record in this case, the undersigned finds the respondent's assertion that instant petition is untimely to be persuasive. In support of this conclusion, the undersigned observes that petitioner Tinsley's convictions became final on July 21, 2004, the day upon which the thirty (30) day period for filing a notice of appeal, pursuant to O.C.G.A. § 5-6-38, expired. Next, the undersigned notes that the petitioner waited until July 1, 2008 to file a **state** habeas corpus petition. Consequently, at the time the petitioner filed his **state** habeas corpus action, the one (1) year period of limitation during which he could have filed a **federal** habeas corpus petition had long since expired.

## CONCLUSION

In view of the above, it is clear that the instant **federal** petition is untimely. Accordingly, **IT IS RECOMMENDED** that the respondent's motion seeking dismissal be **GRANTED** and the instant petition be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the **LAST ADDRESS** provided by him.

**SO RECOMMENDED**, this 5th day of OCTOBER, 2010



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE